DENISON
v.                          Judgment for the plaintiff.
THE
APPELONIA.

L. & S. DENISON *against* The Schooner APPELONIA, and
her Owners.

Under the THE proceedings in this cause were removed by *certio-*
act *authori-*
*zing the arrest* *rari* from the Court of Common Pleas of *Jefferson* county.
*of ships and* An attachment was issued, under the act of the 10th of *Au-*
*vessels, for*
*debts,* &c. *gust*, 1798, (1 *N. R. L.* 130. sess. 22. ch. 1.) and the
passed the 10th
*of August,* act amending the same, passed *February* 28, 1817, (sess.
1798, (1 *N. R.*
*L.* 130. sess. 40. ch. 60.) against the schooner *Appelonia*, for labour
22. ch. 1.) and and materials furnished for the said vessel, at *Sackett's*
the act of the
28th of *Feb-* *Harbour*. The president, directors and company of the
*ruary,* 1817,
(sess. 40. ch. Bank of *Utica*, as owners of the vessel, pleaded, 1. *Non-*
60.) in amend- *assumpsit*. 2. That as to one hundred and twenty-five dol-
ment thereof,
the *lien* on the lars and four cents, part and parcel of the demand or *lien* of
vessel ceases,
1. When she the plaintiff's, it arose on or about the 2d of *December*, 1819 ;
has left the that the schooner was arrested on the 30th of *December*, 1820,
state ;     2.
When, after and that before the arrest, to wit, on the 1st of *June*, 1820, the
being arrested,
the owners said schooner left, and, for more than twelve days, continued
give bonds absent from the port of *Sackett's Harbour*, where the supplies
with sureties,
&c. ; and, 3. and materials were furnished, and where the schooner might
When, after
being arrested, have been arrested, whereby the supposed *lien* of the plain-
no security is tiff, as to the one hundred and twenty-five dollars and four
given, but the
vessel has re- cents, part and parcel of their demand, ceased. To this
moved to an-
other port, or plea, there was a demurrer and a joinder in demurrer.
place, in the There was no judgment on the demurrer in the Court be-
state, for more
than *twelve* low ; and the cause came before the Court on the same
days, after the
arrest. The pleadings as set forth in the return to the *certiorari* ; and
*proviso* of the was submitted without argument.
last act does
not apply to the
case where the
vessel was re-     *Per Curiam*. The first act (10th of *August*, 1798, 1 *N. R.*
moved, and
continued absent from the port, or place where the supplies and materials were furnished,
more than *twelve* days *before* the arrest.

*L.* 130.) gives a *lien* on the ships and vessels of non-resident owners, and contains a general provision, " that the *lien* shall cease immediately after such ship or vessel shall have left this state." (s. 5.) It also provides that the owner may give bonds with sureties, to satisfy the demands, and then the ship " shall be discharged from the attachment, and be permitted to proceed on her voyage." (s. 4.)

ALBANY,
August, 1822.

JACKSON
v.
THE
APPELONIA.

The amendatory act of *February* 28, 1817, (sess. 40. c. 60.) extends the provisions of the first act to vessels owned by persons resident in this state ; with a proviso, " that in case of the arrest of any ship or vessel by virtue of the said re-cited act, and bond given pursuant to the 4th section thereof, the *lien* created by the said act on such ship or vessel, shall immediately cease : and provided also, that the said *lien* shall in no case endure beyond twelve days after such ship or vessel shall leave the port in which the same may have been so arrested."

The plea is bad. No part of the proviso in the last act applies to any vessel, except such as " may have been so arrested" under the statute. The statute discharges the *lien* in three cases ; 1st. Where the vessel " *has left this state ;*" 2d. Where she has been " arrested" and given bonds, &c. ; 3d. Where she has been " *arrested*" and given no security ; but has removed to another port or place in this state, for the space of more than twelve days, *after the arrest.*

The averment in this plea does not show either of these cases. It is merely, " that *before the said arrest* the schooner left and continued absent more than twelve days from the port of *Sackett's Harbour,* where the supplies and materials were furnished," &c.

Judgment for the plaintiffs on the demurrer,